[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT

FILED
U.S. COURT OF APPEALS
ELEVENTH CIRCUIT
JUNE 27, 2007
THOMAS K. KAHN
CLERK

_____

No. 06-16084
Non-Argument Calendar
_____

D. C. Docket No. 06-14022-CR-DLG

UNITED STATES OF AMERICA,

Plaintiff-Appellee,

versus

PORFIRIO AGUIRRE-LOPEZ,
a.k.a. Porfidio Aguilar,

Defendant-Appellant.

_____

Appeal from the United States District Court
for the Southern District of Florida

_____

**(June 27, 2007)**

Before ANDERSON, BLACK and MARCUS, Circuit Judges.

PER CURIAM:

Porfirio Aguirre-Lopez appeals his 88-month sentence for illegal reentry by

a previously deported aggravated felon, in violation of 8 U.S.C. § 1326(a).

Specifically, Aguirre-Lopez argues that this sentence was unreasonable because the district court erroneously presumed that a sentence within the Sentencing Guidelines would be reasonable and gave undue weight to the Guidelines. Aguirre-Lopez also argues that we should hold his case until the Supreme Court has decided Rita v. United States, (No. 06-5754).[1]

After United States v. Booker, 543 U.S. 220, 125 S.Ct. 738, 160 L.Ed.2d 621 (2005), the sentencing court must not only correctly calculate the guideline imprisonment range, but must also treat that range as advisory and impose a reasonable sentence. United States v. Talley, 481 F.3d 784, 786 (11th Cir. 2006). We review a sentence for reasonableness in light of 18 U.S.C. § 3553(a). United States v. Martin, 455 F.3d 1227, 1237 (11th Cir. 2006). This statute provides that the sentencing court shall impose a sentence "sufficient, but not greater than

---

[1] On February 20, 2007, the Supreme Court heard arguments to consider the following questions:

> 1) Was the district court's choice of within-Guidelines sentence reasonable? 2) In making that determination, is it consistent with United States v. Booker, 543 U.S. 220, 125 S.Ct. 738, 160 L.Ed.2d 621 (2005), to accord a presumption of reasonableness to within-Guidelines sentences? 3) If so, can that presumption justify a sentence imposed without an explicit analysis by the district court of the 18 U.S.C. §3553(a) factors and any other factors that might justify a lesser sentence?

See Rita v. United States, (U.S. Nov. 03, 2006) (No. 06-5754) (defendant appeal of 33-month sentence).

necessary" to comply with the purposes of sentencing, namely reflecting the seriousness of the offense, promoting respect for the law, providing just punishment for the offense, deterring criminal conduct, protecting the public from future criminal conduct by the defendant, and providing the defendant with needed educational or vocational training or medical care. 18 U.S.C. § 3553(a)(2). The statute also instructs the sentencing court to consider certain factors, including the history and characteristics of the defendant. 18 U.S.C. § 3553(a)(1).

We do not require the district court to discuss or to state that it has explicitly considered each part of § 3553(a). Talley, 431 F.3d at 786. Instead, an explicit acknowledgment that the district court has considered the defendant's arguments and the § 3553(a) factors will suffice. United States v. Scott, 436 F.3d 1324, 1329-30 (11th Cir. 2005). The burden of proving that a sentence is unreasonable rests on the sentence challenger. Talley, 431 F.3d at 788.

Here, nothing in the record demonstrates that the district court assumed that a sentence within the guidelines imprisonment range would be reasonable. Rather, the district court explicitly acknowledged that it had the authority to impose any reasonable sentence. Also, the district court expressly stated that it had considered the arguments of both parties and the § 3553(a) factors. The district court ultimately was influenced by Aguirre-Lopez's criminal history, which is one of the

3

§ 3553(a) factors. See 18 U.S.C. § 3553(a)(1). Accordingly, because the district court did not make any erroneous assumption and considered everything required of it before sentencing, the sentence imposed was reasonable. See Talley, 431 F.3d at 786; Scott, 436 F.3d 1324. Therefore, we affirm Aguirre-Lopez's sentence.

We also note that because the district court did not presume that a sentence within the guidelines imprisonment range was reasonable, the Supreme Court's decision in Rita will not affect the outcome of the instant appeal. Therefore, it is unnecessary to hold the instant case until Rita is decided.

**AFFIRMED.**[2]

---

[2] Aguirre-Lopez's request for oral argument is denied.